# ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 2 2 2005

at ⅃⅃ o'clock and ⅃⅃ min. A M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RUFUS R. ROBINSON III and GRETCHEN M. ROBINSON, | ) CIVIL NO. 04-00672 DAE-KSC ) |
| Plaintiffs, | ) ORDER DENYING PLAINTIFFS' ) MOTION FOR RECONSIDERATION ) OF ORDER GRANTING IN PART |
| vs. | ) AND DENYING IN PART ) PLAINTIFFS' RENEWED MOTION |
| TRIPLER ARMY MEDICAL CENTER, et. al., | ) TO INSTALL PRO SE LITIGANT ) SUPPORT TEAM ) |
| Defendants. | ) ) |

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
RENEWED MOTION TO INSTALL PRO SE LITIGANT SUPPORT TEAM

On December 21, 2005, pro se Plaintiffs Rufus
R. Robinson III and Gretchen M. Robinson ("Plaintiffs")
filed the instant Motion to Install Pro Se Litigant
Support Team ("Motion"). On November 19, 2005, this
Court issued an Order Granting in Part and Denying in
Part Plaintiffs' Renewed Motion to Install Pro Se
Litigant Support Team filed on November 9, 2005.

Pursuant to Local Rule 7.2(d) of the Local Rules of the United States District Court for the District of Hawaii, the Court finds this matter suitable for disposition without a hearing.

In Plaintiffs' instant Motion, Plaintiffs make essentially the same request as they had previously made in their Renewed Motion to Install Pro Se Litigant Support Team filed on November 9, 2005. Therefore, the Court will treat Plaintiffs' instant Motion as a motion for reconsideration of the Court's Order Granting in Part and Denying in Part Plaintiffs' Renewed Motion to Install Pro Se Litigant Support Team filed on November 19, 2005.

In the Ninth Circuit, a motion for reconsideration must accomplish two goals. First, it must demonstrate a reason why the court should reconsider its prior decision. Hawaii Stevedores, Inc. v. HT&T Co., 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005)(citation omitted). Second, a motion for reconsideration must set forth facts or laws of a strongly convincing nature to induce the court to

reverse its prior decision. Id. Courts have
established three grounds justifying reconsideration:
(1) an intervening change in controlling law; (2) the
availability of new evidence; and (3) the need to
correct clear error or prevent manifest injustice. Id.
citing Mustafa v. Clark County Sch. Dist., 157 F.3d
1169, 1178-79 (9th Cir. 1998); Great Hawaiian Financial
Corp. v. Aiu, 116 F.R.D. 612, 616 (D. Haw. 1987), rev'd
on other grounds, 863 F.2d 617 (9th Cir. 1988). The
District of Hawaii has implemented these standards in
Local Rule 60.1 of the Local Rules for the United
States District Court for the District of Hawaii.

     In the November 19, 2005 Order, the Court
permitted Plaintiffs to add Pastor George K. Piliwale
as a lay assistant to provide the function of
consultant to Plaintiffs in proceedings before
Magistrate Judge Chang and denied the Plaintiffs'
Renewed Motion to Install Pro Se Litigant Support Team
in all other respects. In Plaintiffs' instant Motion,
they request permission to add Pastor George K.
Piliwale and Willard Max Imamoto to their litigation

support team.  Plaintiffs' request to add Pastor George K. Piliwale to the litigation support team has already been addressed by the Court in its November 19, 2005 Order.  To the extent that Plaintiffs make additional requests with respect to the litigation support team, the Court finds that Plaintiffs have not demonstrated a reason why the Court should reconsider its prior decision.  The Court directs Plaintiffs to its Order issued on November 19, 2005 which sets forth in detail the permission granted by the Court with respect to Plaintiffs' litigant support team.

Consequently, the Court DENIES Plaintiffs' Motion for Reconsideration of Order Granting in Part and Denying in Part Plaintiffs' Renewed Motion to Install Pro Se Litigant Support Team.

IT IS SO ORDERED.

Dated:  Honolulu, Hawaii, _____DEC 2 2 2006_____.


KEVIN S.C. CHANG
UNITED STATES MAGISTRATE JUDGE