IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RUFUS ROBINSON III, GRETCHEN M. ROBINSON, <br><br>Plaintiffs, <br><br>vs. <br><br>TRIPLER ARMY MEDICAL CENTER; TRIPLER ARMY MEDICAL CENTER, DIRECTOR OF NEONATAL INTENSIVE CARE UNIT; STATE OF HAWAII, DEPARTMENT OF HUMAN SERVICES; STATE OF HAWAII CHILD PROTECTIVE SERVICE; PATRICIA SNYDER, SOCIAL SERVICES DIVISION ADMINISTRATOR; DAVID K.Y. KAM, CPS SUPERVISOR; ELLIOTT PLOURDE, CPS WORKER; JUDGE LILLIAN RAMIREZ-UY; HONOLULU (CITY) POLICE DEPARTMENT/HONOLULU POLICE OFFICER KANAA (Badge 3617), <br><br>Defendants. | CV NO. 04-00672 DAE KSC <br><br>FILED IN THE UNITED STATES DISTRICT COURT DISTRICT OF HAWAII <br><br>DEC 28 2005 <br><br>at 9 o'clock and 35 min. AM <br>SUE BEITIA, CLERK |

ORDER DENYING PLAINTIFFS' MOTION TO INSTALL
PRO SE LITIGANT SUPPORT TEAM

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Plaintiffs' motion and exhibits, the Court DENIES Plaintiffs' Motion to Install Pro Se Litigant Support Team.

BACKGROUND

On December 21, 2005, Plaintiffs Rufus Robinson III ("Mr. Robinson) and Gretchen M. Robinson ("Mrs. Robinson") (collectively "Plaintiffs") filed the instant Motion to Install Pro Se Litigant Support Team ("Team"). In it, Plaintiffs argue that this Team "shall enjoy the rights, the involvement, privileges and Constitutional Protection as is now afforded to those assisting case attorneys." Plaintiffs state that the Team would consist of uncompensated volunteers who will not address the court, jury or witnesses, do not represent Plaintiffs and are not licensed to practice law. In addition to Plaintiffs, the Team members would include Pastor George K. Piliwale and Willard Max Iwamoto.

Plaintiffs seek to install the Team to level the playing field between themselves and the remaining defendants in this case. Specifically, Plaintiffs note

that the defendants have staff assistance whereas Plaintiffs are "cash poor, and have very limited or no free legal advice". Plaintiffs seek a granting of the Motion "in the interest of justice" because of concerns that without the assistance of a Team, their chance of success will be "zero".

## DISCUSSION

As an initial matter, the Court finds this Motion unnecessary because pro se plaintiffs may seek the assistance of anyone outside of court, with the exception of a licensed attorney. See Braiser v. Jeary, 256 F.2d 474, 476 (8th Cir. 1958) (A pro se plaintiff may "conduct the prosecution of his own case, but we do not agree that in doing so he possesses the fundamental right to also have the aid of counsel."). Thus, Pastor George K. Piliwale and Willard Max Iwamoto may assist Plaintiffs outside of court. These or any other individuals are not, however, permitted to address the Court or deal with opposing counsel in any capacity, as they are not parties to the suit. Any and all communications with the Court or opposing counsel are to be made solely by Plaintiffs.

In their Motion, Plaintiffs describe the duties that each Team member would be responsible for. Mr. Robinson is designated as the main speaker and

litigant while Mrs. Robinson is described as the alternate speaker in the courtroom. Plaintiffs should be aware that Mr. Robinson may not appear on behalf of Mrs. Robinson. C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) ("Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him. He has no authority to appear as an attorney for others than himself.") (citations omitted).

Plaintiffs also state that Pastor George K. Piliwale would be appointed to address the Court on behalf of Plaintiffs in the event that Mr. Robinson should become deceased or incapacitated. As the Court has already discussed, the Pastor is not a party to the suit and may not appear on behalf of Plaintiffs under any circumstance. See id. at 697-98 (where a person is not a party conducting his own case, he does not have a right to argue pro se in federal court).

Because Plaintiffs may seek the assistance of others outside of court, the instant Motion is unnecessary. However, it is denied with respect to Plaintiffs' use of others to communicate with opposing counsel or to address the Court on Plaintiffs' behalf.

## CONCLUSION

For the reasons stated above, the Court DENIES Plaintiffs' Motion to Install Pro Se Litigant Support Team.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, 2 8 DEC 2005.

DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE

Robinson et al. v. Tripler Army Medical Center, et al., CV No. 04-00672; ORDER DENYING PLAINTIFFS' MOTION TO INSTALL PRO SE LITIGANT SUPPORT TEAM