IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RUFUS ROBINSON III,<br>GRETCHEN M. ROBINSON,<br><br>Plaintiffs,<br><br>vs.<br><br>TRIPLER ARMY MEDICAL CENTER; TRIPLER ARMY MEDICAL CENTER, DIRECTOR OF NEONATAL INTENSIVE CARE UNIT; STATE OF HAWAII, DEPARTMENT OF HUMAN SERVICES; STATE OF HAWAII CHILD PROTECTIVE SERVICE; PATRICIA SNYDER, SOCIAL SERVICES DIVISION ADMINISTRATOR; DAVID K.Y. KAM, CPS SUPERVISOR; ELLIOTT PLOURDE, CPS WORKER; JUDGE LILLIAN RAMIREZ-UY; HONOLULU (CITY) POLICE DEPARTMENT/HONOLULU POLICE OFFICER KANAA (Badge 3617),<br><br>Defendants.<br>______________________________ | ) | CV NO. 04-00672 DAE KSC |

ORDER GRANTING DEFENDANT HPD'S MOTION TO DISMISS AND DENYING PLAINTIFFS' COUNTER-MOTION

The Court heard Defendant's and Plaintiffs' Motions on January 3, 2006. Rufus Robinson III, pro se, appeared at the hearing on behalf of Plaintiffs; Marie M. Gavigan, Esq., appeared at the hearing on behalf of Defendant Honolulu Police Department; Kendall Moser, Esq., appeared at the hearing on behalf of Defendants Patricia Snyder, David K. Y. Kam and Elliott Plourde. After reviewing the motions and the supporting and opposing memoranda, the Court GRANTS Defendant HPD's Motion to Dismiss and DENIES Plaintiffs' Counter-Motion.

BACKGROUND

On October 11, 2005, Plaintiffs Rufus Robinson III ("Mr. Robinson")and Gretchen Robinson ("Mrs. Robinson") (collectively "Plaintiffs") filed an Amended Complaint entitled "Kewai K. Robinson's Life Complaint Amended". In the Amended Complaint, Plaintiffs added the Honolulu Police Department ("HPD") and Honolulu Police Officer K. Kanaa ("Officer Kanaa") as defendants along with Count VIII.

The Amended Complaint alleges that HPD intended to arrest Melanie Rapez ("Melanie"), stepdaughter of Mr. Robinson and daughter of Mrs. Robinson, on an outstanding run away warrant. It goes on to say that HPD did not arrest

Melanie after discussing her health and the health of her baby, Kewai, with hospital staff. (Pls.' Amend. Compl. at Nov. 22, 2002, 11:00 a.m.) The Amended Complaint further states that Elliott Plourde, a Child Protective Service authorized agent, "ordered the police to arrest Melanie and take protective custody of Kewai with the intent to move him from Tripler." (Id. at 2:00 p.m.) The facts indicate that Kewai was not removed from Tripler.

In addition to the aforementioned factual allegations, Plaintiffs also implicate HPD in a couple of the Counts. First, under Count II, Plaintiffs allege that HPD conspired to interfere with their civil rights, in violation of 42 U.S.C. § 1985. Second, under Count V, Plaintiffs allege that their Fourteenth Amendment rights were violated because Kewai was "seized" from them, his "legal parents".

On November 3, 2005, HPD filed the instant Motion to Dismiss the Amended Complaint under Federal Rule of Civil Procedure ("FRCP") 12(b)(6). Plaintiffs filed a Counter-Motion to HPD's Motion on November 15, 2005. On November 17, 2005, Defendants Patricia Snyder, David K. Y. Kam and Elliott Plourde filed a statement of no opposition to HPD's instant Motion. On November 23, 2005, HPD filed a Reply to Plaintiffs' Counter-Motion.

STANDARD OF REVIEW

A motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005). Review is limited to the contents of the complaint. Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. Livid Holdings, 416 F.3d at 946. "However, the court is not required to accept legal conclusions in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004) (quoting Clegg, 18 F.3d at 754-55). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Id. (quoting Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)). Thus, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).

DISCUSSION

HPD seeks dismissal of the Amended Complaint on statute of limitations grounds and alternatively, for failure to state a claim upon which relief can be granted based on municipal liability. Plaintiffs, in their Counter-Motion, contend that because HPD has failed to prove its claim, the Court should dismiss HPD's Motion with prejudice and order HPD to comply with discovery. The Court notes that Plaintiffs' Counter-Motion will also be construed as their Memorandum in Opposition to HPD's Motion. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (quoting Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))).

A. Statute of Limitations

HPD argues that Plaintiffs' claims are time-barred because actions brought pursuant to 42 U.S.C. § 1985 are governed by the state personal injury statute of limitations where the injury occurs. As such, the two-year limitation set forth in Hawaii Revised Statutes ("HRS") § 657-7 should apply. HPD argues that Plaintiffs were aware of their claims as of November 22, 2002, but did not add HPD as a defendant until October 11, 2005, nearly three years later and well past the two-year statute of limitations.

Plaintiffs counter that the applicable statute of limitations is articulated in 15 U.S.C. § 4505. Section 4505 of Title 15 of the U.S. Code provides for a six-year statute of limitations for civil enforcement actions. In its Reply, HPD notes that 15 U.S.C. § 4505 has nothing to do with civil rights actions, as it pertains to violations of the Emergency Petroleum Allocation Act of 1973 or the Economic Stabilization Act of 1970. This Court agrees.

The Ninth Circuit has held that in both §§ 1983 and 1985 actions, the state personal injury statute of limitations applies. It is well established that in § 1983 actions, the state personal injury statute of limitations applies. Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 926 (9th Cir. 2004); Azer v. Connell, 306 F.3d 930, 935 (9th Cir. 2002); Owens v. Okure, 488 U.S. 235, 240-41 (1989). Because "action[s] under § 1985(3) alleging a conspiracy to deprive a person of constitutional rights [are] designed to remedy the same types of harms as the deprivations actionable under § 1983, . . . suits under § 1985(3) are also best characterized as personal injury actions and are governed by the same statute of limitations as actions under § 1983." McDougal v. County of Imperial, 942 F.2d 668, 673-74 (9th Cir. 1991).

"Although state law determines the length of the limitations period, federal law determines when a civil rights claim accrues." Olsen, 363 F.3d at 926

(quoting Morales v. City of Los Angeles, 214 F.3d 1151, 1153-54 (9th Cir. 2000)) (quotations omitted). "[A] claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Id. (quoting Two Rivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999))

In this case, it is clear, according to the dated facts alleged in Plaintiffs' Amended Complaint, that they knew or had reason to know of the injury that is the basis of this action as of November 22, 2002. Yet they chose not to name HPD as defendants even though they mentioned HPD in the body of the initial Complaint filed on November 12, 2004. Given that the applicable statute of limitations is HRS § 657-7, Plaintiffs are barred from bringing claims against HPD because more than two years lapsed from November 22, 2002 to October 11, 2005.

However, in light of FRCP 15(c)[1], the Court must consider whether

---

[1] An amendment of a pleading relates back to the date of the original pleading when
. . . .
(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and

the amending of the Complaint to include HPD as a defendant relates back to the date of the original Complaint. Relation back requires the satisfaction of four factors:

> (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) the party must or should have know that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

Schiavone v. Fortune, 477 U.S. 21, 29 (1986). With respect to the addition of new defendants after the expiration of the statute of limitations, the Ninth Circuit has held that there is no relation back. Louisiana-Pacific Corp. v. ASARCO, Inc., 5 F.3d 431, 434 (9th Cir. 1993) (no relation back where there is no mistake concerning defendant's identity); Lewis v. Lewis, 358 F.2d 495, 502 (9th Cir. 1966) ("[A]n amended pleading does not relate back insofar as it states claims against newly-joined defendants.").

---

> (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c).

Here, Plaintiffs cannot satisfy all four factors that permit relation back. It is evident that Plaintiffs knew of HPD's alleged actions when they filed their original Complaint because they mentioned HPD in the facts of the Complaint. Therefore, there was no mistake concerning the identity of HPD. Plaintiffs' claims against HPD cannot relate back to defeat the limitations period prescribed by HRS § 657-7. Accordingly, the claims against HPD are time-barred.

B. Municipal Liability

In the alternative, HPD argues that Plaintiffs fail to state a claim upon which relief can be granted under the doctrine of municipal liability. Plaintiffs counter that they have stated and restated a proper claim since November 2004. They also reiterate the charge of Second Degree Murder[2] and violation of the Constitution and U.S. Laws. HPD responds that there is no possibility that the Amended Complaint could be construed to attribute Kewai's death to HPD.

To establish a claim for municipal liability, the plaintiff must establish that the alleged unconstitutional action implements or executes a municipal policy or custom. Monell v. Dep't of Social Servs. of City of N.Y., 436 U.S. 658, 690-91 (1978). "[T]he word 'policy' generally implies a course of action consciously

[2] The Court will construe Plaintiffs' claim of Second Degree Murder as a Wrongful Death claim.

chosen from among various alternatives." Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985). The word custom recognizes situations where the practices of officials are permanent and well settled. Adickes v. S. H. Kress & Co., 398 U.S. 144, 167-68 (1970). A plaintiff may establish municipal liability by proving that the alleged constitutional violation was committed pursuant to a formal policy or custom that constitutes the standard operating procedure; that an official with "final policy-making authority"[3] committed the constitutional tort; or "that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992).

Given that Plaintiffs are proceeding pro se, however, the Court has an obligation to construe their Complaint liberally. Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints."). Pro se plaintiffs in a civil rights action must be afforded the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). Additionally, "[a] pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Id.

---

[3] "Whether a particular official has final policy-making authority is a question of state law." Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992).

(quoting Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir. 1987)). "Before dismissing a pro se civil rights complaint for failure to state a claim, the district court must give the plaintiff a statement of the complaint's deficiencies." Id. This does not mean that the district court must act as legal advisor to the plaintiff, but that the court must "draft a few sentences explaining the deficiencies." Id. at 625 (quoting Noll, 809 F.2d at 1449).

Even under the relaxed standard afforded Plaintiffs, they fail to state a claim upon which relief can be granted. Nowhere in the Amended Complaint do Plaintiffs mention that HPD's alleged actions were taken pursuant to an official policy or custom. To the contrary, Plaintiffs' allegations against HPD cannot be construed to constitute a violation of Plaintiffs' rights regardless of whether HPD acted pursuant to an official policy or custom.

The first factual allegation that HPD went to Tripler on November 22, 2002 at 11:00 a.m. to arrest Melanie on an outstanding runaway warrant does not state a claim because Plaintiffs themselves admit that HPD left Tripler and did not arrest Melanie. The second factual allegation that on November 22, 2002 at 2:00 p.m., Elliot Plourde "ordered the police to arrest Melanie and take protective custody of Kewai with the intent to remove him from Tripler" likewise does not state a claim. Plaintiffs do not allege that HPD removed Kewai. In fact, it is clear

that Kewai remained at Tripler until his death. What is not clear is whether Melanie was actually arrested. However, even if HPD arrested her, it was pursuant to an outstanding runaway warrant (as mentioned in the Complaint by Plaintiffs). Although it is likely that there is some policy or custom dictating that HPD act pursuant to warrants, it cannot be said that such policy or custom caused a constitutional tort. Moreover, this does not establish that HPD caused an injury to Plaintiffs.

Count II alleges that HPD conspired to interfere with Plaintiffs' civil rights under 42 U.S.C. § 1985. "Section 1985 creates a civil action for damages caused by two or more persons who 'conspire . . . for the purpose of depriving' the injured person of 'the equal protection of the laws, or of equal privileges and immunities under the laws' and take or cause to be taken 'any act in furtherance of the object of such conspiracy.'" Thornton v. City of St. Helens, 425 F.3d 1158, 1168 (9th Cir. 2005). "To state a claim for conspiracy to violate constitutional rights, 'the plaintiff must state specific facts to support the existence of the claimed conspiracy.'" Olsen, 363 F.3d at 929. However, in the absence of a section 1983 deprivation of rights, "a section 1985 conspiracy claim predicated on the same allegations" is precluded. Thornton, 425 F.3d at 1168 (quoting Caldeira v. County of Kauai, 866 F.2d 1175, 1182 (9th Cir. 1989)).

Plaintiffs have not stated specific facts to support the claimed conspiracy that HPD allegedly participated in. The Ninth Circuit has instructed that where a plaintiff insufficiently pleads a § 1985 claim, the plaintiff should be allowed to amend the pleadings. Olsen, 363 F.3d at 930. This is limited, however, to circumstances where the plaintiff has a cognizable claim under § 1983. Id.

Section 1983 of Title 42 of the U.S. Code states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials." Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 978 (9th Cir. 2004) (quoting Henderson v. City of Simi Valley, 305 F.3d 1052, 1056 (9th Cir. 2002)) (quotations omitted). To state a § 1983 claim, a "plaintiff must demonstrate a deprivation of a right secured by the Constitution or laws of the United States, and that the defendant acted under color of state law." Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003) (citing West v. Atkins, 487 U.S. 42, 48 (1988)).

The only other part of the Amended Complaint that could be construed to implicate HPD and allege a § 1983 claim as against HPD is Count V. Count V alleges a violation of Plaintiffs' Fourteenth Amendment rights and states that "Kewai was seized from his legal parents when there was no threat of harm or immediate danger to our son." (Pls.' Amend. Compl. at 6.) Plaintiffs fail to allege any facts to support this conclusory allegation that Kewai was "seized". As already discussed, it is clear that Kewai remained at Tripler for the duration of his life. There are no additional facts to support any constitutional violation suffered by Plaintiffs at the hands of HPD.

Plaintiffs have not stated a claim upon which relief can be granted as against HPD. Per the Court's earlier discussion, in § 1983 actions against municipalities, Plaintiffs must show that the constitutional violation implements or executes municipal custom or policy. Plaintiffs have not stated a claim against HPD amounting to a constitutional violation, much less one that involves the implementation or execution of custom or policy. Because Plaintiffs do not have a cognizable § 1983 claim against HPD, it follows that they are precluded from raising a § 1985 claim predicated on the same allegations. Accordingly, in addition to being time-barred, the claims against HPD are dismissed for failure to state a claim upon which relief can be granted.

HPD, in its Reply, requested that the portion of Plaintiffs' Counter-Motion seeking HPD's compliance with discovery be stricken as improper. The Court need not address this argument in light of the fact that it is granting HPD's Motion, which will dismiss HPD from the case.

CONCLUSION

For the reasons stated above, the Court GRANTS HPD's Motion to Dismiss and DENIES Plaintiffs' Counter-Motion.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 5, 2006.




David Alan Ezra
United States District Judge

Robinson et al. v. Tripler Army Medical Center et al., CV No. 04-00672 DAE KSC; ORDER GRANTING DEFENDANT HPD'S MOTION TO DISMISS AND DENYING PLANTIFFS' COUNTER-MOTION