TITLE 18 > PART I > CHAPTER 51 > § 1111

Murder

Release date: 2005-08-03

(a) Murder is the unlawful killing of a human being **with malice aforethought**. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or **committed in the perpetration of**, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, **child abuse**, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture against a child or children; **or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree.** <u>Any other murder is murder in the second degree.</u>

(b) Within the special maritime and territorial jurisdiction of the United States,
Whoever is guilty of murder in the first degree shall be punished by death or by imprisonment for life;
Whoever is guilty of murder in the second degree, shall be imprisoned for any term of years or for life.

(c) For purposes of this section—
  (1) the term "assault" has the same meaning as given that term in section 113;
  **(2) the term "child" means a person who has not attained the age of 18 years and is—**
    **(A) under the perpetrator's care or control; or**
    **(B) at least six years younger than the perpetrator;**
  (3) the term "child abuse" means intentionally or knowingly causing death or serious bodily injury to a child;
  **(4) the term "pattern or practice of assault or torture" means assault or torture engaged in on at least two occasions;**
  (5) the term "serious bodily injury" has the meaning set forth in section 1365; and
  (6) the term "torture" means conduct, whether or not committed under the color of law, that otherwise satisfies the definition set forth in section 2340 (1).

## LAW.COM LAW DICTIONARY

<u>FIRST DEGREE MURDER.</u> although it varies from state to state, it is generally a killing which is deliberate and premeditated (planned, after lying in wait, by poison or as part of a scheme), in conjunction with felonies such as rape, burglary, arson, or involving multiple deaths, the killing of certain types of people (such as a child, a police officer, a prison guard, a fellow prisoner), or certain weapons, particularly a gun. The specific criteria for first degree murder, are established by statute in each state and by the U.S. Code in federal prosecutions. It is distinguished from second degree murder in which premeditation is usually absent, and from manslaughter, which lacks premeditation and suggests that at most there was intent to harm rather than to kill.

<u>SECOND DEGREE MURDER.</u> a non-premeditated killing, resulting from an assault in which death of the victim was a distinct possibility. Second degree murder is different from first degree murder, which is a premeditated, intentional killing or results from a vicious crime such as arson, rape or armed robbery. Exact distinctions on degree vary by state.

## HAWAII REVISED STATUTES - MURDER

**§707-701 Murder in the first degree.** (1) A person commits the offense of murder in the first degree if the person intentionally or knowingly causes the death of:
(a) More than one person in the same or separate incident;
(b) A law enforcement officer, judge, or prosecutor arising out of the performance of official duties;
(c) A person known by the defendant to be a witness in a criminal prosecution;
(d) A person by a hired killer, in which event both the person hired and the person responsible for hiring the killer shall be punished under this section; or
(e) A person while the defendant was imprisoned.
(2) Murder in the first degree **is a felony** for which the defendant shall be sentenced to imprisonment as provided in section 706-656.

# EXHIBIT A

7

**§707-701.5 Murder in the second degree.** (1) Except as provided in section 707-701, a person commits the offense of murder in the second degree if the person intentionally or knowingly causes the death of another person.
(2) Murder in the second degree **is a felony** for which the defendant shall be sentenced to imprisonment as provided in section 706-656.

**§707-702 Manslaughter.** (1) A person commits the offense of manslaughter if:
  (a) He recklessly causes the death of another person; or
  (b) He intentionally causes another person to commit suicide.
(2) In a prosecution for murder or attempted murder in the first and second degrees it is an affirmative defense, which reduces the offense to manslaughter or attempted manslaughter, that the defendant was, at the time the defendant caused the death of the other person, under the influence of extreme mental or emotional disturbance for which there is a reasonable explanation. The reasonableness of the explanation shall be determined from the viewpoint of a reasonable person in the circumstances as the defendant believed them to be.
**(3) Manslaughter is a class A felony.**

**§701-108 Time limitations.** (1) A prosecution for murder, murder in the first and second degrees, attempted murder, and attempted murder in the first and second degrees, criminal conspiracy to commit murder in any degree, and criminal solicitation to commit murder in any degree may be commenced at any time.
(2) Except as otherwise provided in this section, prosecutions for other offenses are subject to the following periods of limitation:
  (a) A prosecution for manslaughter where the death was not caused by the operation of a motor vehicle must be commenced within ten years after it is committed;
  (b) A prosecution for a class A felony must be commenced within six years after it is committed;
  (c) A prosecution for any felony under part IX of chapter 708 must be commenced within five years after it is committed;
  (d) A prosecution for any other felony must be commenced within three years after it is committed;
  (e) A prosecution for a misdemeanor or parking violation must be commenced within two years after it is committed; and
  (f) A prosecution for a petty misdemeanor or a violation other than a parking violation must be commenced within one year after it is committed.
(3) If the period prescribed in subsection (2) has expired, a prosecution may nevertheless be commenced for:
  (a) Any offense an element of which is either fraud or a breach of fiduciary obligation within three years after discovery of the offense by an aggrieved party or by a person who has a legal duty to represent an aggrieved party and who is oneself not a party to the offense, but in no case shall this provision extend the period of limitation by more than six years from the expiration of the period of limitation prescribed in subsection (2);
  (b) Any offense based on misconduct in office by a public officer or employee at any time when the defendant is in public office or employment or within two years thereafter, but in no case shall this provision extend the period of limitation by more than three years from the expiration of the period of limitation prescribed in subsection (2); and
  (c) Any felony offense involving evidence containing deoxyribonucleic acid from the offender, if a test confirming the presence of deoxyribonucleic acid is performed prior to expiration of the period of limitation prescribed in subsection (2), but in no case shall this provision extend the period of limitation by more than ten years from the expiration of the period of limitation prescribed in subsection (2).
(4) An offense is committed either when every element occurs, or, if a legislative purpose to prohibit a continuing course of conduct plainly appears, at the time when the course of conduct or the defendant's complicity therein is terminated. Time starts to run on the day after the offense is committed.
(5) A prosecution is commenced either when an indictment is found or a complaint filed, or when an arrest warrant or other process is issued, provided that such warrant or process is executed without unreasonable delay.
(6) The period of limitation does not run:
  (a) During any time when the accused is continuously absent from the State or has no reasonably ascertainable place of abode or work within the State, but in no case shall this provision extend the period of limitation by more than four years from the expiration of the period of limitation prescribed in subsection (2);
  (b) During any time when a prosecution against the accused for the same conduct is pending in this State; or
  (c) For any felony offense under chapter 707, part V or VI, during any time when the victim is alive and under eighteen years of age.

**TITLE 18 > PART II > CHAPTER 213 > § 3281**

Capital offenses

Release date: 2005-08-03

An indictment for any offense punishable by death may be found at any time without limitation.

**TITLE 18 > PART II > CHAPTER 213 > § 3282**

Offenses not capital

Release date: 2005-08-03

(a) In General.— Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

(b) DNA Profile Indictment.—

(1) In general.— In any indictment for an offense under chapter 109A for which the identity of the accused is unknown, it shall be sufficient to describe the accused as an individual whose name is unknown, but who has a particular DNA profile.

(2) Exception.— Any indictment described under paragraph (1), which is found not later than 5 years after the offense under chapter 109A is committed, shall not be subject to—

(A) the limitations period described under subsection (a); and

(B) the provisions of chapter 208 until the individual is arrested or served with a summons in connection with the charges contained in the indictment.

(3) Defined term.— For purposes of this subsection, the term "DNA profile" means a set of DNA identification characteristics.