IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| RUFUS ROBINSON III, ) <br> GRETCHEN M. ROBINSON, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> TRIPLER ARMY MEDICAL ) <br> CENTER; TRIPLER ARMY ) <br> MEDICAL CENTER, DIRECTOR ) <br> OF NEONATAL INTENSIVE ) <br> CARE UNIT; STATE OF HAWAII, ) <br> DEPARTMENT OF HUMAN ) <br> SERVICES; STATE OF HAWAII ) <br> CHILD PROTECTIVE SERVICE; ) <br> PATRICIA SNYDER, SOCIAL ) <br> SERVICES DIVISION ) <br> ADMINISTRATOR; DAVID K.Y. ) <br> KAM, CPS SUPERVISOR; ) <br> ELLIOTT PLOURDE, CPS ) <br> WORKER; JUDGE LILLIAN ) <br> RAMIREZ-UY; HONOLULU ) <br> (CITY) POLICE ) <br> DEPARTMENT/HONOLULU ) <br> POLICE OFFICER KANAA (Badge ) <br> 3617), ) <br> ) <br> Defendants. ) <br> _____ ) | CV NO.  04-00672 DAE KSC |

ORDER DENYING PLAINTIFFS' OBJECTION TO
ORDER GRANTING DEFENDANT HPD'S MOTION TO DISMISS
AND DENYING PLAINTIFFS' COUNTER-MOTION, FILED ON
JANUARY 12, 2006 AND MOTION FOR RECONSIDERATION

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Plaintiffs' motion and the supporting memoranda, the Court DENIES Plaintiffs' Objection to Order Granting Defendant HPD's Motion to Dismiss and Denying Plaintiffs' Counter-Motion, Filed on January 12, 2006 and Motion For Reconsideration.

BACKGROUND

On January 12, 2006, the Court entered an Order Granting HPD's Motion to Dismiss and Denying Plaintiffs' Counter-Motion (Docket No. 185) ("HPD Order"). Previously, on October 11, 2005, Plaintiffs Rufus Robinson and Gretchen Robinson (collectively "Plaintiffs") filed a Notice of Appeal for matters that occurred prior to that date. On February 3, 2006, Plaintiffs filed an Amended Notice of Appeal to include the HPD Order as well as the Court's January 27, 2006 Order Granting Defendants' Motion For Summary Judgment ("Summary Judgment Order"). On February 28, 2006, Plaintiffs filed the instant Motion seeking relief from the HPD Order.

## DISCUSSION

Plaintiffs object to the HPD Order and seek reconsideration based on the fact that the Court incorrectly construed their allegation of "second degree murder" as one of wrongful death. The gravamen of Plaintiffs' Motion is that they are charging defendants with murder and as such, there is no statute of limitations. Plaintiffs allege that because Elliot Plourde, a Social Worker, "with malice aforethought, and malicious intent of heart to do grave harm to the Robinson Family conspired with his supervisor(s), the Honolulu Police Department (HPD), and Tripler Army Medical Center (TAMC) Staff to break well established laws and procedures," this resulted in Kewai Robinson's murder. Plaintiffs have found various statutory definitions of murder (attached to their Motion as Exhibit A) and now attempt to characterize defendants' behavior in accordance with the definition.

The Court has made a very concerted effort to construe Plaintiffs' filings liberally in light of the fact that Plaintiffs are pro se. Rather than accept the Court's decision to construe Plaintiffs' "second degree murder" allegation as wrongful death, under which civil litigants may actually obtain relief (when their claims are viable), Plaintiffs insist on reasserting their claim as "murder". The Court will thus instruct Plaintiffs that murder is not a viable claim in this Court nor can it ever be raised by civil litigants. It is a criminal matter reserved for

prosecutors. The prosecutors' office has clearly not brought murder charges against any of the defendants in this case. Regardless of Plaintiffs' repeated but grossly misplaced insistence on alleging murder in this Court, they cannot do so. Other than to instruct Plaintiffs as to their incorrect assertions, the Court will not address Plaintiffs' Motion because the case is on appeal before the Ninth Circuit.

"When a notice of appeal is filed, jurisdiction over the matters being appealed normally transfers from the district court to the appeals court." Mayweathers v. Newland, 258 F.3d 930, 935 (9th Cir. 2001) (citing Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 379 (1985) ("In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal.")); Masalosalo by Masalosalo v. Stonewall Ins. Co., 718 F.2d 955, 956 (9th Cir. 1983) (citing Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) (per curiam)). Though not absolute, such a rule "is designed to avoid the confusion and inefficiency of two courts considering the same issues simultaneously." Id. (citing 9 J. Moore, B. Ward & J. Lucas, Moore's Federal Practice ¶ 203.11 at 3-44 n. 1 (2d ed. 1983)). The district court retains jurisdiction even during the pendency of an appeal regarding ancillary matters "or to enter

orders relating to a continuing course of supervision by the district court." United States v. Edwards, 800 F.2d 878, 884 (9th Cir. 1986).

Because Plaintiffs have appealed the HPD Order, this Court is without jurisdiction to review the HPD Order. The same would be true if Plaintiffs attempted to seek review of the Summary Judgment Order. For the sake of judicial economy, the Court will not reconsider orders that Plaintiffs have elected to appeal. To do so would cause needless confusion and inefficiency. Accordingly, Plaintiffs' Motion is DENIED.

## CONCLUSION

For the reasons stated above, the Court DENIES Plaintiffs' Objection to Order Granting Defendant HPD's Motion to Dismiss and Denying Plaintiffs' Counter-Motion, Filed on January 12, 2006 and Motion For Reconsideration.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 3, 2006.



David Alan Ezra
United States District Judge

Rufus R. Robinson, III, et al. v. Tripler Army Medical Center, et al., CV No. 04-00672 DAE-KSC; ORDER DENYING PLAINTIFFS' OBJECTION TO ORDER GRANTING DEFENDANT HPD'S MOTION TO DISMISS AND DENYING PLAINTIFFS' COUNTER-MOTION, FILED ON JANUARY 12, 2006 AND MOTION FOR RECONSIDERATION