IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RUFUS R. ROBINSON III, GRETCHEN M. ROBINSON, | ) ) | CIVIL NO. 04 00672 HG KSC |
| | ) | DECLARATION OF RACHEL S. |
| Plaintiffs, | ) | MORIYAMA |
| | ) | |
| v. | ) | |
| | ) | |
| TRIPLER ARMY MEDICAL CENTER; TRIPLER ARMY MEDICAL CENTER, DIRECTOR OF NEONATAL INTENSIVE CARE UNIT; STATE OF HAWAII, DEPARTMENT OF HUMAN SERVICES; STATE OF HAWAII, CHILD PROTECTIVE SERVICE; PATRICIA SNYDER, SOCIAL SERVICES DIVISION ADMINISTRATOR; DAVID K. Y. KAM, CPS SUPERVISOR; ELLIOTT PLOURDE, CPS WORKER; JUDGE LILLIAN RAMIREZ-UY, K. KANAA, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) ) | |
| _____ | ) | |

DECLARATION OF RACHEL S. MORIYAMA

I, RACHEL S. MORIYAMA, declare that:

1.  I am an Assistant United States Attorney for the District of Hawaii and am responsible for representing the United States of America, the Federal Defendants, and all federal witnesses in the above-entitled action.

2.  In August 2005, the United States Attorney's Office ("USAO") was copied on various letters between the Plaintiff Rufus Robinson and Deputy Attorney General Kendall Moser, who was representing the State Department of Human

Services and the State Child Protective Services ("CPS") and its named employees, regarding a dispute over the production of a certified set of the Tripler Army Medical Center ("TAMC") medical records for Kewai K. Robinson.  Upon receipt of the Court's Discovery Order, dated September 1, 2005, I worked to expedite the process and cause certified sets of those medical records to be sent to both Plaintiffs and Mr. Moser.

3.    On September 6, 2005, Plaintiffs sent the USAO a letter which appeared to be a request to depose three federal witnesses:  Donald Devaney, of the provost marshals office; Kathleen Hanai-Lee, a pediatric social worker; and Dr. Jennifer W. Mbuthia.

4.    By telephone message, and a letter dated September 15, 2005, I advised Plaintiffs of the need to comply with the applicable federal regulations that required all Department of Defense personnel to be authorized prior to testifying or disclosing any official government information.  <u>See</u> Department of Defense Directive 5405.2 and Army Regulation 27-40, Chapter 7, published at 32 C.F.R. Part 516 and § 97.6

5.    In my September 15, 2005 letter, I also advised Plaintiffs that Dr. Mbuthia was stationed in Germany.

6.    On September 20, 2005, I telephoned Mr. Robinson to discuss my September 15, 2005 letter.  He acknowledged receipt and told me that he was aware that prior approval was needed

before federal witnesses could testify.  He said that he would send me either a written statement describing the information sought and its relevance to the litigation or a list of questions for each federal witnesses.  I made it clear to Mr. Robinson that unless and until the witnesses obtained the necessary approvals, they were not authorized to provide any testimony.

7.  During our September 20, 2005 telephone conversation, Mr. Robinson and I also discussed the logistics of taking oral depositions.  Mr. Robinson told me that he intended to make audio recordings of the depositions because he could not afford to pay for a certified court reporter.  I told him that I could not consent to such a procedure.  We discussed alternative methods of conducting discovery, including the possibility of Plaintiffs submitting a list of questions for each witness and accepting their written answers.  Mr. Robinson told me that he would think about the matter.

8.  On or about September 22, 2005, Mr. Robinson sent me a letter in which he informed me that he was working on questions for Dr. Mbuthia.

9.  On October 4, 2005, I received a copy of Plaintiff's Amended Motion to Add Additional Depositions.  In addition to other matters, Plaintiffs expressed their intent to depose Dr. Agnes Sierocka-Castaneda.

10.   I informed Mr. Robinson that the United States could not consent to oral depositions unless a certified court reporter was present to create an accurate written transcript of the depositions.  I again suggested that if the cost of oral depositions was prohibitive, that he consider submitting written questions that the federal witnesses could answer in writing (subject to the aforementioned federal regulations governing the disclosure of information or testimony by Department of Defense personnel).

11.   On or about November 9, 2005, Plaintiffs submitted to the USAO written questions directed at Dr. Jennifer Mbuthia and Dr. Agnes Sierocka-Castaneda.

12.   From November 2005 through January 30, 2006, I worked with Mr. Robinson to obtain authorization for Dr. Mbuthia and Dr. Sierocka-Castaneda to answer Plaintiffs' written questions, and I worked with the two doctors to prepare their respective written responses.  We served Plaintiffs with Dr. Mbuthia's written response on December 28, 2005, and Dr. Sierocka-Castaneda's written responses on January 30, 2006.

13.   During this same period of time, Plaintiffs did not ask to depose any other federal witnesses by written

//

//

//

4

interrogatories, and to date, I have not received any written questions directed to any other federal witness.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 21, 2006, at Honolulu, Hawaii.

/s/ Rachel S. Moriyama

_____

RACHEL S. MORIYAMA
Assistant U.S. Attorney