IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RUFUS R. ROBINSON, III; GRETCHEN M. ROBINSON, | ) ) | CIVIL NO. 04-00672 DAE-KSC |
| Plaintiffs, | ) ) ) | REPORT OF SPECIAL MASTER RECOMMENDING THAT PLAINTIFFS' MOTION FOR |
| vs. | ) ) | ATTORNEY FEES BE GRANTED IN PART AND DENIED IN PART |
| ELLIOT PLOURDE, CPS WORKER | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

REPORT OF SPECIAL MASTER RECOMMENDING THAT
PLAINTIFFS' MOTION FOR ATTORNEY FEES BE
<u>GRANTED IN PART AND DENIED IN PART</u>

Before the Court is Plaintiffs Rufus and

Gretchen Robinson's Motion for Attorney Fees

("Motion"), filed April 14, 2010.  Plaintiffs did not

file a Statement of Consultation.[1]  On April 28, 2010,

_____

[1]   Rule 54.3(b) of the Local Rules of Practice of
the United States District Court for the District of
Hawaii ("Local Rules") requires that "moving counsel
advise[] the court in writing that, after consultation,
or good faith efforts to consult, the parties are
unable to reach an agreement with regard to the fee
award or that the moving counsel has made a good faith
effort, but has been unable, to arrange such a
conference[,]" before the Court will consider a motion
for attorneys' fees.  Local Rule 54.3(b).  Ordinarily,
the Court would recommend a denial of the Motion
without prejudice when counsel fails to satisfy this
requirement.  However, an exception will be made in
this case, even though Plaintiffs' counsel should have

Defendant Elliot Plourde ("Defendant") filed his Opposition.  Plaintiffs did not file a Reply.

The Court finds this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(d).  After reviewing the Motion, the supporting and opposing memoranda, and the relevant case law, the Court FINDS and RECOMMENDS that the Motion be GRANTED IN PART and DENIED IN PART and that the district court award Plaintiffs **$20,929.57** in attorneys' fees.

<u>BACKGROUND</u>

As the Court and the parties are familiar with the extensive history of this case, the Court will limit the background to those facts relevant to the instant Motion.

Plaintiffs commenced the instant action on November 12, 2004.  After extensive litigation, the

---

complied with this requirement.  The circumstances in this case are unique, the parties having agreed, as part of the settlement agreement, that a motion for attorneys' fees would be filed.  Accordingly, this Court, in the interest of resolving the matter of fees in a timely manner, shall excuse counsel's non-compliance in this limited instance.

adjudication of various dispositive motions, and appeals to the Ninth Circuit, the Ninth Circuit issued a Memorandum on March 17, 2009, which affirmed in part and reversed in part the district court's orders.  The Ninth Circuit specifically held:

> we affirm the district court's dismissal of Judge Ramirez-Uy, Tripler, Tripler's Director of the Neonatal Intensive Care Unit, DHS, CPS, HPD, and Snyder as defendants in this action. We affirm the district court's dismissal of all claims against Kam in his official and personal capacities, except for any §1983 claims against him in his personal capacity arising from the filing of the letter in Kewai's adoption proceedings. We affirm the district court's dismissal of all claims against Plourde in his official and personal capacities, except for any §1983 claims against him in his personal capacity arising from the filing of the letter in Kewai's adoption proceedings, and the §1983 claim against him in his personal capacity alleging that he unconstitutionally interfered with plaintiffs' right to custody of Kewai.

Document No. 217; Robinson v. Tripler Army Med. Ctr., No. 05-17011, 2009 WL 688922, *5 (9th Cir. Mar. 17, 2009).

On October 7, 2009, Plaintiffs filed a motion for partial summary judgment, and Defendant and former

3

Defendant David Kam filed a motion for summary judgment, on the limited issues remanded to the district court.

On December 16, 2009, U.S. District Judge David Alan Ezra issued an Order Granting in Part and Denying in Part Plaintiffs' Motion for Partial Summary Judgment; and Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment.

Following a series of settlement conferences before this Court, the parties reached a settlement agreement.  One of the terms of the agreement was that Plaintiffs could file a motion for attorneys' fees.

<u>DISCUSSION</u>

I.   <u>Entitlement to Attorneys' Fees</u>

Plaintiffs submit that they are entitled to attorneys' fees under 42 U.S.C. § 1988 because they prevailed on their 42 U.S.C. § 1983 claim against Defendant.  Defendant does not contest Plaintiffs' entitlement to fees.

Section 1988 provides, in pertinent part:  "In any action or proceeding to enforce a provision of

4

section[] . . . 1983 . . . the court, in its
discretion, may allow the prevailing party, other than
the United States, a reasonable attorney's fee as part
of the costs." 42 U.S.C. § 1988(b). To be considered
a "prevailing party," a party must "succeed on any
significant issue in litigation which achieves some of
the benefit the parties sought in bringing suit."
Farrar v. Hobby, 506 U.S. 103, 109 (1992) (quoting
Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)); LSO,
Ltd. v. Stroh, 205 F.3d 1146, 1160 (9th Cir. 2000).

In the present case, Plaintiffs prevailed on
their claim that Defendant unconstitutionally
terminated Plaintiffs' rights to make medical decisions
on behalf of Kewai. Having obtained relief on the
merits of this claim, Plaintiffs are the "prevailing
party."

## II. Calculation of Attorneys' Fees

Insofar as the Court has determined that
Plaintiffs are the "prevailing party," the Court now
assesses the amount of fees to which they are entitled.

Under federal law, reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart.  See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).  The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley, 461 U.S. at 433.  Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not already been subsumed in the lodestar calculation.  See Fischer, 214 F.3d at 1119 (citation omitted).

The factors the Ninth Circuit articulated in Kerr are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time

6

> limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70.  Factors one through five have been subsumed in the lodestar calculation.  See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996).  Further, the Ninth Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent, may not be considered in the lodestar calculation.  See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993). Once calculated, the "lodestar" is presumptively reasonable.  See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fischer, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

7

Plaintiffs request the following attorneys' fees for work performed by their attorneys:

| NAME | HOURS | RATE | TOTAL |
|------|-------|------|-------|
| Rory Toomey | 70.75[2] | $300.00 | $21,225.00 |
| Jack Schweigert | 26.55 | $300.00 | $7,965.00 |
| **TAX (4.712%)** | | | $1,375.43 |
| **TOTALS** | 97.3 | | $30,565.43 |

The Court is now tasked with determining the reasonableness of the requested hourly rates and time expended.

A.   Reasonable Hourly Rate

In determining the reasonableness of an hourly rate, the experience, skill, and reputation of the attorney requesting fees are taken into account.   See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).   The reasonable hourly rate should reflect the

---

[2]   Mr. Toomey claims to have expended 69.25 hours. However, it appears that this may be a slight miscalculation.   The Court calculates the total hours expended to be 70.75 based on Mr. Toomey's itemized time entries.

prevailing market rates in the community.  See id.;

Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir.

1992), as amended on denial of reh'g, (1993) (noting

that the rate awarded should reflect "the rates of

attorneys practicing in the forum district").  It is

the burden of the fee applicant to produce satisfactory

evidence, in addition to an affidavit from the fee

applicant, demonstrating that the requested hourly rate

reflects prevailing community rates for similar

services.  See Jordan v. Multnomah County, 815 F.2d

1258, 1263 (9th Cir. 1987).

       Mr. Toomey has practiced law since 1978 and Mr.

Schweigert has practiced in Hawaii since 1975.  See

Mot., Decl. of Rory Soares Toomey at ¶ 2; id., Decl. of

Jack Schweigert at ¶ 1.  Defendant submits that counsel

should not be awarded an hourly rate in excess of $250-

$275, given Mr. Schweigert's declaration that courts

have previously awarded him rates in that range.

       This Court is well aware of the prevailing

rates in the community for similar services performed

by attorneys of comparable experience, skill and
reputation.  Based on this Court's knowledge of the
community's prevailing rates, the hourly rates
generally granted by the Court, the Court's familiarity
with this case, and the attorneys' submissions, this
Court finds that the $300 hourly rate requested by Mr.
Toomey and Mr. Schweigert exceeds this community's
prevailing rates.  <u>See</u>, <u>e.g.</u>, <u>Apana v. TIG Ins. Co.</u>,
Civil No. 06-00653 JMS/LEK, 2008 WL 3891887, *7 (D.
Haw. Aug. 22, 2008) (finding $200 hourly rate
reasonable for attorney with 31 years of experience);
<u>Almodova v. City and County of Honolulu</u>, Civil No.
07-00378 DAE-LEK, 2010 WL 1372298, *9 (D. Haw. Mar. 31,
2010), <u>adopted by</u> 2010 WL 1644971 (D. Haw. Apr. 20,
2010) (finding reasonable an hourly rate of $285 for an
out-of-state attorney with over 30 years of
experience); <u>Won v. England</u>, Civil No. 07-00606 JMS
LEK, 2008 WL 3850485, *4 n.2 (D. Haw. Aug. 18, 2008)
("For attorneys such as Mr. Guttman, with twenty to
thirty years of experience in matters involving general

litigation (as opposed to specialized fields of litigation), this Court recognizes the prevailing rates in the community as $250 to $285 an hour."); <u>Kuroiwa v. Lingle</u>, Civ. No. 08-00153 JMS-KSC, 2008 WL 4483772, at **5-6 (D. Haw. Sept. 29, 2008) (finding reasonable a $225 hourly rate for an attorney with over 35 years of legal experience, many of which were spent as a judge). This is particularly true in view of the very limited role counsel played in this action.  Counsel represented Plaintiffs for the disposition of two motions for summary judgment on narrow issues that were previously adjudicated, but which the Ninth Circuit remanded for further proceedings.  Other than that, counsel's involvement was limited to settlement discussions and preliminary trial preparation on the issue of damages.  Accordingly, the Court hereby adjusts the requested $300 hourly rate and finds that the following rates are reasonable:  Mr. Toomey - $250; Mr. Schweigert - $275.  <u>See</u>, <u>e.g.</u>, <u>Fielder v. Murphy</u>, No. Civ. 01-00608 MEA LEK, 2006 WL 165002, *1 (D. Haw.

11

Jan. 20, 2006) (upholding Magistrate Judge's determination that $250.00 and $200.00 were reasonable hourly rates for Schweigert and Toomey, respectively).

B.   Hours Reasonably Expended

Beyond establishing a reasonable hourly rate, a prevailing party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  The court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  See id. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987), cert. denied, 484 U.S. 927 (1987)).  This Court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation

omitted).   Time expended on work deemed "excessive,
redundant, or otherwise unnecessary" shall not be
compensated.   See Gates, 987 F.2d at 1399 (quoting
Hensley, 461 U.S. at 433-34).

     After carefully reviewing Plaintiffs' counsel's
time submissions, the Court finds that a number of
reductions are necessary.

     1.   Excessive/Duplicate Billing

     The Court reduces counsel's hours for meetings,
discussions, and other communications, for which both
attorneys billed.   The general rule is that two
professionals cannot bill for attending the same
meeting.   Brandon E. v. Dep't of Educ., State of
Hawaii, No. CV 07-00536 ACK-LEK, 2008 WL 4602533, at *3
(D. Haw. Oct. 16, 2008).   Thus, when a party's counsel
meet with one other, the Court deducts the duplicative
time billed.   Id.; In re Mullins, 84 F.3d 459, 467
(D.C. Cir. 1996) (deducting fees incurred by the two
lowest-billing attorneys where three attorneys billed
time spent attending a meeting together)).   After

13

reviewing the time entries in this case, the Court notes that not all communications between Plaintiffs' counsel resulted in duplicate billings,[3] but reductions are warranted in those instances where both Mr. Toomey and Mr. Schweigert submitted billings for the same communications/meetings.[4]  The reductions are as follows:  Mr. Toomey - 2.25 hours and Mr. Schweigert - 0.55 hours.

_____

[3] Defendant argues that conferences listed by Mr. Toomey, but not listed by Mr. Schweigert, should be disallowed.  The Court does not believe that the absence of duplicate entries by Mr. Schweigert necessarily means that the conferences did not occur. Rather, it appears that Mr. Schweigert omitted the billing, whether intentionally or inadvertently.

[4] For example, Mr. Toomey and Mr. Schweigert have both billed time for a February 17, 2010 telephone conference.  In that instance, Mr. Schweigert's time is allowable, but not Mr. Toomey's time.  To be fair, the Court allows time billed by Mr. Toomey for a January 27, 2010 telephone conference, but not Mr. Schweigert. However, Mr. Toomey's allowable time is reduced to 0.1 hours from 0.25 hours because Mr. Schweigert billed 0.1 hours.  Mr. Toomey's smallest time increment is 0.25 hours, as he appears to engage in the practice of billing in quarter-hour increments.  The Court will later make reductions to Mr. Toomey's hours for this practice.

The Court further deducts time considered excessive and/or unnecessary.  <u>Tirona</u>, 821 F. Supp. at 637.  As Defendant has pointed out, Mr. Schweigert should not be proofreading Mr. Toomey's depositions questions.  Mr. Toomey has extensive litigation experience, and it was unnecessary for Mr. Schweigert to review/edit his work, particularly for as simple a task as deposition questions.  Consequently, the Court reduces Mr. Schweigert's billings by 1 hour.

> 2.   <u>Clerical or Ministerial Tasks</u>

Several time entries reflect billing for clerical/ministerial work and are non-compensable. "[C]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate." <u>Jeremiah B. v. Dep't of Educ.</u>, Civil No. 09-00262 DAE-LEK, 2010 WL 346454, at *5 (D. Haw. Jan. 29, 2010) (citing <u>Sheffer v. Experian Info. Solutions, Inc.</u>, 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003)). Tasks such as reviewing Court-generated notices, notifying clients of court hearings, filing documents

with the Court, communication with court staff, scheduling, and corresponding regarding deadlines, are clerical and not compensable. Id. (finding that entries for communications about, and internal office management of, hearing dates and due dates are clerical in nature); Nicholas M. ex rel. Laura M. v. Dep't of Educ., Hawaii, Civ. No. 09-00162 HG-LEK, 2010 WL 234862, at *5 (D. Haw. Jan. 21, 2010) (finding that tasks such as informing a client that a document has been filed or informing client of a hearing date is clerical or ministerial); Hawaii Carpenters Trust Funds v. Cosier Const., Inc., Civil No. 08-00442 SOM-LEK, 2009 WL 291188, at *3 (D. Haw. Feb. 03, 2009) (finding that review of district court filing notices are clerical and non-compensable); Bandalan v. Castle & Cooke Resorts, LLC, Civil No. 07-00591 DAE-LEK, 2009 WL 1955328, at *5 (D. Haw. June 30, 2009) (clerical tasks include reviewing notices of the date and time for motions hearings and notices of filing deadlines); Black v. City and County of Honolulu, Civil No. 07-

00299 DAE-LEK, 2010 WL 653026, at *12 (D. Haw. Feb. 22, 2010) (deeming clerical tasks such as traveling to court to check for form and filing complaint); <u>Young v. Geico Indem. Co.</u>, Civ. No. 08-00171 JMS/KSC, 2009 WL 3049640, at *8 (D. Haw. Sept. 23, 2009) (communications with the court are clerical and not compensable).

The Court makes the following reductions for clerical tasks:  Mr. Toomey - 0.75 hours and Mr. Schweigert - 0.2 hours.

3.   <u>Block Billing</u>

The Court must additionally reduce some of Mr. Schweigert's requested hours due to "block billing." "The term 'block billing' refers to the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." <u>Robinson v. City of Edmond</u>, 160 F.3d 1275, 1284 n.9 (10th Cir. 1998) (citations and quotation marks omitted).  Block billing entries generally fail to specify a breakdown of the time spent on each task.

17

District courts have the authority to reduce hours that are billed in block format because such a billing style makes it difficult for courts to ascertain how much time counsel expended on specified tasks.  <u>Welch v. Metropolitan Life Ins. Co.</u>, 480 F.3d 942, 948 (9th Cir. 2007).  <u>See also id.</u> (citing <u>Role Models Am., Inc. v. Brownlee</u>, 353 F.3d 962, 971 (D.C. Cir. 2004) (reducing requested hours because counsel's practice of block billing "lump[ed] together multiple tasks, making it impossible to evaluate their reasonableness")); <u>see also Hensley</u>, 461 U.S. at 437 (holding that applicant should "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims")).  Indeed, it is a challenge to determine the reasonableness of a time entry when it includes several tasks.

The use of block billing here makes it difficult, if not impossible, for the Court to determine the reasonableness of the hours expended with respect to specific time entries.  Accordingly, the

18

Court imposes an across-the-board reduction of 15% for the 9.25 hours that Mr. Schweigert submitted in the "block billing" format.  His hours are therefore further reduced by 1.39 hours.

### 4.  Quarter-Hour Billing

Finally, the Court has concerns about Mr. Toomey's practice of billing in quarter-hour increments, which appears to have resulted in some excessive billing.  See Welch, 480 F.3d at 949 (affirming district court's 20% across-the-board reduction for quarter-hour billing where such billing resulted in a request for excessive hours, i.e., a minimum of 15 minutes billed for tasks that likely took a fraction of the time).  For example, Mr. Toomey billed 0.25 hours for a conference with Mr. Schweigert on January 27, 2010, for which Mr. Schweigert billed only 0.10 hours.  Assuming both attorneys expended the same amount of time on the conference, the practice of billing in quarter-hour increments resulted in a claim of an additional 0.15 hours by Mr. Toomey.  To offset

19

the excessive hours that resulted from this billing practice, the Court will impose an across-the-board reduction of 20% on Mr. Toomey's remaining hours (67.75), i.e., those that were not reduced in accordance with the discussion above.  This results in a further reduction of 13.55 hours.

Based on the foregoing, the Court finds that the following hours were reasonably expended by counsel in this action:  Mr. Toomey - 54.2 hours and Mr. Schweigert - 23.41.

C.   <u>Total Fee Award</u>

The Court is satisfied that Plaintiffs have established the appropriateness of the following attorneys' fees incurred in the present action, and the Court declines to adjust this amount based on the <u>Kerr</u> factors:

| **NAME** | **HOURS** | **RATE** | **TOTAL** |
|---|---|---|---|
| Rory Toomey | 54.2 | $250.00 | $13,550.00 |
| Jack Schweigert | 23.41 | $275.00 | $6,437.75 |
| **TAX (4.712%)** | | | $941.82 |

| **TOTALS** | 77.61 | | $20,929.57 |
|---|---|---|---|

The Court therefore recommends that the district court award Plaintiffs $20,929.57 in attorneys' fees.

CONCLUSION

Based on the foregoing, the Court HEREBY FINDS AND RECOMMENDS that the district court GRANT IN PART AND DENY IN PART Plaintiffs' Motion for Attorney Fees, filed April 14, 2010, and award Plaintiffs **$20,929.57** in attorneys' fees.

The parties are advised that any objection to this Report is due by June 10, 2010.  See Fed. R. Civ. P. 5(b)(2) & 6(d); Local Rule 53.2.  If an objection is filed with the Court, it shall be captioned "Objections to Magistrate Judge's Report of Special Master."  A copy of the objection shall be served on all parties.

IT IS SO FOUND AND RECOMMENDED.

DATED:   Honolulu, Hawaii, May 17, 2010.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 04-00672 DAE-KSC; ROBINSON, et al. v. PLOURDE; REPORT OF SPECIAL MASTER RECOMMENDING THAT PLAINTIFFS' MOTION FOR ATTORNEY FEES BE GRANTED IN PART AND DENIED IN PART